**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rustin Eric Mair,<br><br>    Petitioner,<br><br>v.<br><br>RA Heisner,<br><br>    Respondent. | No. CV-22-02184-PHX-MTL<br><br>**ORDER** |

  Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed as moot. (Doc. 13.) Petitioner filed his objections to the R&R. (Doc. 15.) Respondent did not file a reply. For the following reasons, the Court adopts the R&R and dismisses the Petition with prejudice.

**I. LEGAL STANDARD**

  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if an objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (explaining that the District Court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz.

2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"). The District Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). General objections are insufficient to trigger a District Court's de novo review of a report and recommendation. *Neufeld v. Shinn*, No. CV-20-08155-PCT-JAT, 2021 WL 3046904, at *2 (D. Ariz. July 20, 2021). And the Court need only review specific objections. *Id.* "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* Accordingly, the Court will only conduct a de novo review of those portions of the R&R to which there is a specific objection.

## II.     BACKGROUND

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 13 at 1-4.) Neither party has objected to this portion of the R&R, and the Court hereby accepts and adopts it. *Reyna-Tapia*, 328 F.3d at 1121. Petitioner requests that the Court order the Bureau of Prisons to credit "220 or 267 or 342 days" against his sentence. (Doc. 1 at 9.) After Petitioner filed his Petition, the Bureau of Prisons credited him 295 days. (Doc. 13 at 3-4.) On that basis, Magistrate Judge Bibles dismissed the Petition as moot. (*Id.* at 4-5.)

## III.    DISCUSSION

Petitioner first objects to Magistrate Judge Bibles' statement that he never supported his Petition with a reply brief. (Doc. 15 at 1.) In response, Petitioner cites his "Reply to Respondent's Motion to Supplement Return and Answer." (Doc. 15-1 at 4 (citing Doc. 14.)) That briefing, however, is not relevant to Magistrate Judge Bibles' point. It is not a reply in support of his Petition, but a reply to Respondent's Motion. (Doc. 11.)

Petitioner also argues that he should be credited with an additional forty-seven days of time served. (Doc. 15 at 1.) The Court interprets this as an objection to Magistrate Judge Bibles' mootness determination. The Court's jurisdiction is limited to live "cases" or

"controversies." U.S. Const. Art. III, § 2, cl. 1; *see also Moore v. Harper*, 600 U.S. 1, 6 (2023). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

The Petition is moot because Petitioner has received the relief he requested. *Rahman v. Graber*, 615 Fed. Appx. 876 (2015) (dismissing a federal habeas petition on appeal as moot because the petitioner received their requested credit toward time served). Petitioner requests a credit of "220 or 267 or 342 days," which the Court construes as a request for a credit of at least 220 days. (Doc. 1 at 9; *see also id.* at 20 ("Petitioner would at least like to receive 220 days for all [f]ederal [t]ime.").) Petitioner was credited 295 days against his sentence. (Doc. 13 at 4.) Accordingly, the Court finds that Petitioner has received the relief which he requested, and the Petition is moot. The Court overrules Petitioner's objections and adopts the R&R.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 13) is **accepted.**

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed as moot.**

**IT IS FURTHER ORDERED denying** the issuance of a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

…

…

…

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating the case.

Dated this 2nd day of October, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge